AF Approval _[signature]_                     Chief Approval _KMH_

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                       CASE NO. 6:16-cr-27-Orl-41KRS

ABDULLAH HAMIDULLAH
  a/k/a Abdullah Hamid
  a/k/a Abdullah Al Hamid
  a/k/a "Supafly"

**PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A.

Lee Bentley, III, United States Attorney for the Middle District of Florida, Vanita

Gupta, Principal Assistant Attorney General for Civil Rights (the Government),

and the defendant, ABDULLAH HAMIDULLAH, a/k/a Abdullah Hamid, a/k/a

Abdullah Al Hamid, a/k/a "Supafly," and the attorneys for the defendant, Whitney

S. Boan, Esquire, and Lawrence G. Walters, Esquire, mutually agree as follows:

A.    **Particularized Terms**

1.    <u>Counts Pleading To</u>

The defendant shall enter a plea of guilty to Counts Two, Three,

Four, and Five of the Indictment.

Count Two charges the defendant with sex trafficking through the

use of force, threats of force, fraud, and coercion, in violation of 18 U.S.C.

§ 1591(a).

Defendant's Initials ___[initials]___

Count Three charges the defendant with transportation of an individual in interstate commerce with the intent that such individual engage in prostitution, in violation of 18 U.S.C. § 2421.

Count Four charges the defendant with enticement of an individual to travel in interstate commerce with the intent that such individual engage in prostitution, in violation of 18 U.S.C. § 2422(a).

Count Five charges the defendant with enticement of an individual to travel in interstate commerce with the intent that such individual engage in prostitution, in violation of 18 U.S.C. § 2422(a).

2.    <u>Minimum and Maximum Penalties</u>

Count Two is punishable by a mandatory minimum term of imprisonment of 15 years up to life, a fine of not more than $250,000, a term of supervised release of not less than 5 years up to life, and a special assessment of $100.

Additionally, pursuant to 18 U.S.C. § 3014, upon conviction of Count Two of the Indictment, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; or (3) transportation for illegal sexual activity.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to

Defendant's Initials         2

other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

3. <u>Maximum Penalties</u>

Count Three carries a maximum sentence of not more than 10 years of imprisonment, a fine of not more than $250,000, a term of supervised release of not less than 5 years up to life, and a special assessment of $100.

Count Four carries a maximum sentence of not more than 20 years of imprisonment, a fine of not more than $250,000, a term of supervised release of not less than 5 years up to life, and a special assessment of $100.

Count Five carries a maximum sentence of not more than 20 years of imprisonment, a fine of not more than $250,000, a term of supervised release of not less than 5 years up to life, and a special assessment of $100.

Additionally, pursuant to 18 U.S.C. § 3014, upon conviction of Counts Three, Four and Five of the Indictment, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) transportation for illegal sexual activity.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

Defendant's Initials      3

4. <u>Elements of the Offenses</u>

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty.

The elements of Count Two are:

<u>First</u>:      The defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained, the person named in the Indictment;

<u>Second</u>:     The defendant did so knowing, or in reckless disregard of the fact, that force, threats of force, fraud, coercion, or any combination of such means, would be used to cause the person to engage in a commercial sex act; and,

<u>Third</u>:      The defendant's conduct was in or affecting interstate commerce.

The elements of Count Three are:

<u>First</u>:      The defendant knowingly transported the person named in the Indictment in interstate commerce; and

<u>Second</u>:     The defendant transported the person with the intent that such person engage in prostitution.

The elements of Count Four are:

<u>First</u>:      The defendant knowingly persuaded, induced, enticed, or coerced the person named in the Indictment to travel in interstate commerce; and

<u>Second</u>:     at the time the travel commenced, the defendant intended that the person would engage in prostitution.

Defendant's Initials      4

The elements of Count Five are:

> First:   The defendant knowingly persuaded, induced, enticed, or coerced the person named in the Indictment to travel in interstate commerce; and

> Second:   at the time the travel commenced, the defendant intended that the person would engage in prostitution.

5.   Count Dismissed

At the time of sentencing, the remaining count against the defendant, Count One, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

6.   No Further Charges

If the Court accepts this plea agreement, the United States Attorneys' Offices for the Middle District of Florida and for the Eastern District of Virginia and the Civil Rights Division of the United States Department of Justice agree not to charge the defendant with committing any other federal criminal offenses known to the Government at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

7.   Mandatory Restitution to Victim of Offense of Conviction

The defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies and that the Court is required to order the defendant to make restitution to the victims of his crimes.  The defendant further understands and agrees that as a result of pleading guilty to violating 18 U.S.C. § 1591, an order of restitution is mandatory pursuant to 18

Defendant's Initials           5

U.S.C. § 1593. There is no agreement as to the amount of restitution.

Defendant agrees that if an amount of restitution is not agreed upon within 90

days of the date of sentencing, then the Court will determine a restitution amount.

Defendant agrees that this will include restitution to the following individuals,

identified by their initials: A.W., L.P., and T.R.

8. <u>Restitution to Persons Other Than the Victim of the Offense of Conviction</u>

Pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A(a)(3), defendant

agrees to make restitution to J.R., S.P., and B.F.

9. <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will

recommend to the Court that the defendant be sentenced within the defendant's

applicable guidelines range as determined by the Court pursuant to the United

States Sentencing Guidelines, as adjusted by any departure the United States

has agreed to recommend in this plea agreement. The parties understand that

such a recommendation is not binding on the Court and that, if it is not accepted

by this Court, neither the United States nor the defendant will be allowed to

withdraw from the plea agreement, and the defendant will not be allowed to

withdraw from the plea of guilty.

Defendant's Initials           6

10.     Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the government, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

11.     Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to

Defendant's Initials _____        7

forfeiture, pursuant to 18 U.S.C. §§ 1594 and 2428, whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1)(A), the United States and the defendant request that promptly after accepting this Plea Agreement, the Court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offenses to which defendant is pleading guilty and enter a preliminary order of forfeiture. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is

Defendant's Initials           8

omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing.  The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.  The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG §1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of his cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing.  In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement.  If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed

Defendant's Initials _____                    9

beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above.  The Court shall retain jurisdiction to settle any disputes arising from application of this clause.  The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

12. <u>Sex Offender Registration and Notification</u>

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's

Defendant's Initials       10

school.  Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.**     **Standard Terms and Conditions**

      1.     <u>Restitution, Special Assessment and Fine</u>

      The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in

Defendant's Initials ⟨initials⟩          11

order to ensure that the defendant's restitution obligation is satisfied. On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $100, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing. The defendant understands that this agreement imposes no limitation as to fine.

2.    Supervised Release

The defendant understands that the offenses to which the defendant is pleading provide for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual

Defendant's Initials     12

information, including the totality of the defendant's criminal activities, if any, not limited to the counts to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

     5.    <u>Financial Disclosures</u>

     Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition.  The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party.  The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years.  The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records



Defendant's Initials _____       13

and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.  Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not

Defendant's Initials           14

such decision is consistent with the government's recommendations contained herein.

7.   <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A, and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.



8.    <u>Middle District of Florida, Eastern District of Virginia, and Civil Rights Division Agreement</u>

It is understood that this agreement is limited to the Offices of the United States Attorney for the Middle District of Florida and for the Eastern District of Virginia, and the Civil Rights Division of the United States Department of Justice, and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice

Defendant's Initials     16

received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

Defendant's Initials _____      17

## FACTS

In November 2010, the defendant and a then-23-year-old woman identified as L.P., moved from Washington, D.C., to Orlando, Florida.  Prior to the move in November 2010, the defendant had previously prostituted L.P. in Washington, D.C., and elsewhere since in or around 2005, when L.P. was 18 years old.  The defendant kept all of the proceeds of L.P.'s commercial sex acts. The defendant advertised L.P. for commercial sex on Internet webpages and print media, directed L.P. to recruit other women into his prostitution enterprise, and maintained a sexual relationship with L.P.

In December 2010, an 18-year-old woman identified by her initials as A.W., answered an Internet advertisement that the defendant and L.P. posted to recruit women into the defendant's prostitution enterprise by falsely offering employment.  In response to A.W.'s queries, L.P., acting on behalf of the defendant, falsely represented that A.W. could make a lot of money, but did not disclose that A.W. was being recruited to prostitute for the defendant's profit. When A.W. arrived in Florida to meet L.P., the defendant met A.W. at the Orlando International Airport and falsely identified himself as L.P.'s driver, "Mike." The defendant drove A.W. to his apartment located at 100 West Grant Street, in Orlando, Orange County, Florida, within the Middle District of Florida.

The next day, the defendant and L.P. told A.W. she was expected to prostitute and could keep half the proceeds.  For several days, A.W. saw prostitution clients and the defendant provided her with half of the proceeds as

Defendant's Initials           18

promised.  However, after approximately one week, L.P. traveled to Washington, D.C., leaving the defendant alone with A.W.  During that time, the defendant began assaulting A.W., retaining all of the prostitution proceeds, and engaging in conduct that isolated and intimidated A.W., including taking her cell phone that contained A.W.'s stored contacts, confiscating all of A.W.'s money, showing A.W. his handgun, having A.W. tattooed with the word "Daddy," and installing an alarm on the apartment door without providing A.W. the access code.   The defendant used a combination of force, fraud, and coercion to intimidate A.W. in order to cause her to fear that she would suffer serious harm if she did not continue prostituting for the defendant's profit.

In or around December 2010, after L.P. returned to Orlando, the defendant and L.P. recruited another woman identified as T.R. to participate in the defendant's prostitution enterprise.  In January 2011, the defendant instructed L.P. and T.R. to travel by plane from Orlando, Florida, to Washington, D.C., for purposes of prostitution, while the defendant drove A.W. from Orlando to Washington, also for the purpose of prostitution.

In late January 2011, L.P. returned to Washington, D.C., leaving the defendant alone with A.W. and T.R.  When L.P. returned to Orlando in February 2011, the defendant drove to the airport to meet L.P., leaving A.W. and T.R. unattended.  When the defendant and L.P. returned to the apartment, A.W. and T.R. were gone.

Defendant's Initials _____        19

Between December 2010 and February 2011, the defendant used a combination of force, fraud, and coercion to compel A.W. to engage in commercial sex acts for his profit.  The defendant engaged in a pattern of conduct intended to make A.W. believe that she would suffer serious harm if she did not continue to engage in commercial sex acts.  Furthermore, during this time period, the defendant transported, persuaded, induced, and enticed A.W., L.P., and T.R. to travel in interstate commerce with the intent that A.W., L.P., and T.R. engage in prostitution.

12.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _____        20

13. <u>Certification</u>

The defendant and defendant's counsel certify that this plea

agreement has been read in its entirety by (or has been read to) the defendant

and that defendant fully understands its terms.

DATED this _____ day of _____, 2016.

A. LEE BENTLEY, III
United States Attorney

VANITA GUPTA
Principal Assistant Attorney
General for Civil Rights

_____
ABDULLAH HAMIDULLAH
Defendant

_____
Ilianys Rivera Miranda
Assistant United States Attorney

_____
Whitney S. Boan, Esquire
Attorney for Defendant

_____
Katherine M. Ho
Assistant United States Attorney
Chief, Orlando Division

_____
Lawrence G. Walters, Esquire
Attorney for Defendant

_____
William E. Nolan
Trial Attorney, Criminal Section
Civil Rights Division

Defendant's Initials _____                    21